● RAMÓN EMILIO IRIZARRY, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1108.   Submitted November 2, 1942.—Decided November 18, 1942.

*José Sabater* for appellant.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The United States of America, represented by the Chief of the Puerto Rico Hurricane Relief Loan Section, of the Division of Territories and Insular Possessions of the Department of the Interior of the United States of America, as successor of the Puerto Rico Hurricane Relief Commission, executed a deed cancelling a mortgage for $2,500 which was owed by the appellant herein, Ramón Emilio Irizarry. Said mortgage encumbered several pieces of property within

the demarcation of the Registry of Property of Mayagüez and one piece of property which belonged to the Registry of Property of San Germán. When the deed was presented at the Registry of Mayagüez, it was duly registered without the registrar exacting the payment of any fees whatever, but the Registrar of San Germán demanded the payment of registration fees, and when the appellant refused to pay them, the latter requested that the recording be suspended, which was done by the registrar through a note which in its pertinent part reads as follows:

"The record of the cancellation of the mortgage contained in the preceding document is suspended with respect to property 'a,' which alone belongs to this registry, for the reason that neither the one presenting it nor the interested party has paid the fees required by Act No. 113 of May 6, 1941, . . . . ."

█ The only issue raised in this appeal is whether the recording of a deed executed by the United States of America cancelling a mortgage that was constituted to serve as collateral for a loan made by the Puerto Rico Hurricane Commission in accordance with Joint Resolution No. 74 of the 70th Congress (45 Stat. 1067), approved on December 21, 1928, to a farmer for the rehabilitation of his plantation affected by the hurricane of 1928 carries with it the requirement for payment of the recording fees provided by law.

The laws enacted by the Legislature of Puerto Rico with respect to these cases are the following:

By Act No. 1, approved on March 12, 1929 (Laws of 1929, p. 122), exemption from the payment of fees were granted for any deed or any other instrument executed before a notary public in favor of the United States of America in accordance with Joint Resolution No. 74, *supra*.

Act No. 52, approved on April 25, 1931 (Laws of 1931, p. 390) "to exempt from the payment of recording fees all

deeds executed in favor of the United States of America ...,"
§1 and 2 of which read as follows:

"Section 1.—That deeds or other instruments executed in favor of the United States of America, in conformity with, or by virtue of, the Joint Resolution of Congress, entitled 'For the Relief of Porto Rico', approved December 21, 1928, shall be registered in the Registries of Property of this Island, free from the costs prescribed by law for transactions of such registries.

Section 2.—This Act shall have a retroactive effect, its provisions being made extensive to all those contracts of the nature expressed in the preceding section."

The registrar contends that in conformity with these laws the deeds executed *in favor* of the United States of America are exempted from the payment of registration fees, but that, since the cancellation deed of one of these mortgages is executed in favor of the debtor, it is not exempt. The phrase "in favor of" is interpreted by the registrar as meaning "to the benefit of," and he argues that the mortgage guaranty in these cases was constituted for the benefit of the creditor, the United States of America, while its cancellation is beneficial only to the debtor.

On the other hand, appellant contends that the intention of the Legislature of Puerto Rico was to exempt from the payment of fees, in conformity with §2 of Act No. 52, *supra,* all contracts executed by the United States of America relative to the above-mentioned relief act.

There is no merit, in our opinion, in appellant's contention because, although in §2, *supra,* retroactivity is provided for the act, nevertheless its provisions are extensive only to all those contracts of "the conditions expressed in the preceding section," and we have already seen that said section explicitly and solely refers to the deeds and other documents executed "in favor of the United States of America."

Petitioner likewise argues that the aim of the exemption was to protect the farmers ruined by the hurricane

of 1928, not only in the execution and recording of the mortgage deeds, but also in the recording of the cancellations. If such was the intention of the Legislature, it did not express it in the acts which we have cited with respect to the recording of a cancellation deed of a mortgage executed by the United States of America in favor of the debtor as is the case herein. Section 14 of our Civil Code provides that when a law is clear and free from all ambiguity, the letter of the same shall not be disregarded under the pretext of fulfilling the spirit thereof, and in the instant case ·§1 of Act No. 52, *supra,* is perfectly clear and free from all ambiguity. Neither is there any ambiguity in the deed presented at the registry, since by its own title it is executed by "the United States of America *in favor* of Mr. Ramón Emilio Irizarry y Gandulla."

■ It is true that, as in the case of a judicial proceeding, the title which may be given to a deed is not the factor which determines the nature of the executed contract or of the action exercised. However, in the instant case, which deals with a cancellation deed of a mortgage in which the United States of America canceled the guaranty which debtor Irizarry had given it for money received, there can be no doubt that it is executed in favor of the debtor, who thereby frees his property from the liens which encumbered it.

We can not go as far as appellant would have us go in interpreting the law providing the exemption for it would be tantamount to sustaining judicially that where the statute says "deeds or other instruments executed *in favor* of the United States" it should be interpreted as saying "deeds or other instruments executed *by* the United States of America."

The cancellation of a mortgage recorded in the registry extinguishes the right which the creditor had on the mortgaged property and the mortgage debtor acquires the right of freeing his property from the obligation which encumbered it. As Morell says in his Commentaries on Mort-

gage Legislation, volume 3, p. 366, "The extinction represents the loss of the right which loss, in principle, is equivalent to an act of alienation or disposal . . ." See also 3 Galindo y Escosura, Mortgage Law, 10. Such alienation is made in favor of the debtor and therefore it may not be properly held that the cancellation deed is one in favor of the creditor, in this case, the United States of America.

When the Legislature of Puerto Rico has wanted to exempt from the payment of recording fees both the execution of a mortgage of an agency of the Government of the United States of America and the cancellation of said obligations it has done so expressly, as demonstrated by Act No. 311, approved on May 15, 1938 (Laws of 1938, p. 552), which in the pertinent parts of its §§1 and 2 provides as follows:

"Section 1.—That every public or private document executed by the *Federal Land Bank of Baltimore; Federal Intermediate Credit Bank of Baltimore; Land Bank Commissioner; Production Credit Corporation of Baltimore; Puerto Rico Production Credit Association; Baltimore Bank of Cooperatives and Home Owner's Loan Corporation; Emergency Crop and Feed Loan Office.* and/or the Governor of the Farm Credit Administration, for the purpose of contracting and securing mortgage loans of any other nature, the amount of which does not exceed one thousand five hundred (1,500) dollars, as well as any other public or private document executed as evidence of the delivery of the amount of the loan, or the payment of said loan in whole or in part, *as well as the total or partial cancellation of the corresponding securities;* and any such other public or private document as it may be necessary to execute in connection with said loans and with the corresponding securities, shall be authenticated by any notary in Puerto Rico or by any public officer, as the case may be, free of the internal-revenue stamps prescribed by Act No. 31, approved November 30, 1917, or by any other Act.

"Section 2.—That the deeds and other documents referred to in Section 1 hereof *shall be registered in the registries of property of the Island free of such fees, taxes, or imposts of any nature as may be prescribed by the law relative to the operation of said registries,*

*if the amount of the transaction does not exceed the sum of one thousand five hundred (1,500) dollars; . . .''* (Italics ours.)

We note how the phrase "any and all public or private document executed . . . *by,* etc." and not *"in favor of"* was expressly used, and there were likewise included as well the documents executed for the total or partial cancellation of the corresponding guaranties, and the recording thereof. in the registry, free of fees, taxes or imposts of any nature. It is clear, of course, that the inclusion in this exempting statute of the payment of taxes or imposts bears no implication with respect to the recording fee, for, as we decided in the case of *R. F. C. Mortgage Co.* v. *Registrar,* 60 P.R.R. 230, the stamps which are required in these cases for the recording in the registry of property are a fee and not a tax, thus precluding a violation of the constitutional limitation against the levying of taxes against an instrumentality of the Federal Government.

We are of the opinion that the decision of the registrar must be affirmed.